UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY A. ASKEW,

       Plaintiff,                         Case No: 1:07-cv-636

v                                        HON. JANET T. NEFF

(UNKNOWN) BLAIR, *et al.*,

       Defendants.
_____/

## JUDGMENT ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on August 14, 2007 (Dkt 4). The Magistrate Judge recommended that plaintiff's complaint be dismissed for failure to state a claim. The Report and Recommendation was duly served, and plaintiff has filed a document entitled "Objections to the Magistrate Judge Report and Recommendation" (Dkt 5).

28 U.S.C. § 636(b)(1) requires this Court to perform de novo consideration of those portions of the Report and Recommendation to which objections have been made. A general objection to a Magistrate Judge's report, one that fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991). See also W.D. Mich. LCivR 72.3(b).

The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller, supra; Howard, supra.* Objections disputing the correctness

of the Magistrate Judge's recommendation but failing to specify the findings believed to be in error are too general. *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006); *Miller, supra.*

Plaintiff's document, while lengthy, does not reference the Magistrate Judge's Report and does not specify the issues of contention. Accordingly, the document does not satisfy the requirement that an objection be filed. Therefore,

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is APPROVED and ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim. Further, this Court discerns no good-faith basis for an appeal of this action. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth,* 114 F.3d 601, 611 (6th Cir. 1997). Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), see *McGore,* 114 F.3d at 610-11, unless plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, then he will be required to pay the $455 appellate filing fee in one lump sum.

Date: April 4, 2008          /s/Janet T. Neff
                             JANET T. NEFF
                             United States District Judge